Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-250-KSF

MARSHALL NEWSOME                                                                              PLAINTIFF


VS:                       **MEMORANDUM OPINION AND ORDER**


UNITED STATES OF AMERICA                                                              DEFENDANT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on the Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment. [Record No. 16] The Plaintiff has not filed a Response.

BACKGROUND

On August 9, 2007, Marshall Newsome, an individual who was then in the custody of the Federal Bureau of Prisons ("BOP"), and confined in the Federal Medical Center,[1] filed a *pro se* complaint, claiming the jurisdiction of this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et. seq.*, and he paid the district court filing fee for a civil action.

Plaintiff alleged that the problems complained-of herein began shortly after his arrival at the Federal Medical Center, in Lexington, Kentucky ("FMC-Lexington"), in or around February of 2000. He stated that he was initially housed in the institution's Health Care Unit ("HCU"), where, he complained,

---

[1] The BOP states that Newsome was released from confinement on November 26, 2007. A few days later, on November 29th, Plaintiff filed a notice of his change of address revealing that he now resides in Atlanta, Georgia.

> [I] was exposed to asbestos, pigeon postosis, mycotoxicosis. There were warning signs posted on the doors of the staff concerning asbestos in the building at different times from 2000-2003, and even to the present date. Due to my medical history which consists of Diabetes mellitus Type II, Diabetic Retinopatly, Diabetic Neuropathy, Hypertension, Hyperlipidemia, anemia, Chronic Kidney disease Stage III, and spot on my lungs that wasn't present until after I arrived at FMC-Lexington, I was x-rayed every three months.

Complaint [Record No. 1 at 1-2]. Plaintiff stated that all of the BOP staff knew of the lethal bacteria and asbestos in the HCU. Further, their knowledge of the danger to which he was exposed was the very reason for the frequent x-rays of his lungs.

Newsome accused the BOP not only of negligence in exposing him to these hazards but also of having "violated my constitutional rights by exposing me to these lethal bacteria and once known didn't do anything to remove me which will cause permanent damage to my health," thus showing "deliberate indifference concerning my health." At some point in 2003, Newsome was moved from the HCU to another unit which, unlike his HCU placement, did not have the asbestos, was air conditioned, and had a "healthier atmosphere."

However, despite his medical history and spots on his lungs showing on x-rays, at some point in 2006, the Plaintiff alleges, he was placed back in the HCU, which is asbestos infested, has inadequate ventilation and does not have air conditioning. Plaintiff claimed that this change in units was in retaliation for his not cooperating in a government plan for paying his court-ordered restitution while in prison, and he suggested that he remained in the same conditions at the time he signed and filed the complaint herein.

Newsome also contended that his medical condition had deteriorated, and as "a direct and proximate result of the negligence of the Defendant," he was experiencing migraine headaches, loss

of vision, dizziness, sporadic chest pains, loss of memory, chronic respiration problems, insomnia and panic attacks. Newsome has sought two hundred million dollars in damages.

Attached to Plaintiff's Complaint are copies of documents demonstrating that he exhausted his negligence claim through the FTCA administrative process prior to filing suit. The BOP's position is revealed in its response, *i.e.*, that the Plaintiff's complaint was barred by the FTCA's 2-year statute of limitations. When the Plaintiff brought the suit nonetheless, he claimed that the action is not time-barred under the doctrine of "continuing wrong." After screening Newsome's Complaint, the Court directed that summons issue for the United States, the only named Defendant, indeed, the only permissible Defendant in an FTCA case.

## DEFENDANT'S DISPOSITIVE MOTION

The Defendant has responded to the Complaint with a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure [hereinafter "Rule"] 12(b)(1), 12(b)(6), and 12(h)(3); or in the Alternative, for Summary Judgment, pursuant to Rule 56(b).

The Defendant provides the Plaintiff's background and medical information, supported by the Declarations of a BOP attorney and FMC-Lexington's Clinical Director, Dr. Michael Growse, M.D., and the exhibits they have attached. Additionally, with supporting declarations and exhibits provided by the prison's Safety Manager and its Facilities Manager, the government also provides information on histoplasmosis (a lung disease arising in persons exposed to a fungus thriving in certain soils and bird/other animals' droppings); asbestos (which is not harmful if present in the environment so long as it is encapsulated); and the BOP's policies with regard to controlling prisoners' exposure to them (including the expert sources of these policies).

3

The departmental managers at FMC-Lexington detail their specific actions purportedly consistent with the relevant policies, and they report that upon the one incident when workmen did encounter asbestos, the area was sealed off from inmates and staff. These men also swear that there is "no evidence the Plaintiff was exposed to friable or other harmful asbestos." Dr. Growse specifically declares that Newsome's medical history is "consistent with a primary exposure to something like histoplasmosis followed by a normal immune response . . . [but] no apparent effects from the exposure . . . [and no] signs or symptoms of asbestos exposure or disease."

As to the Defendant's legal position, the government first argues that the negligence claims should be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity with regard to claims based upon the performance or nonperformance of discretionary functions. *Inter alia*, the Defendant cites the discretionary function exception in the FTCA at 28 U.S.C. § 2680(a) and cases from this Court and other District Courts which have applied the discretionary function exception to bar prisoner negligence claims regarding histoplasmosis and exposure to asbestos.

The United States also maintains again that the action is barred by the FTCA's 2-year statute of limitations. As to the medical care issues, the Defendant contends that the Plaintiff has failed to state either a negligence or a constitutional tort claim. Finally, the Defendant also claims to be entitled to summary judgment in its favor.

DISCUSSION

Applicable Standards

The Defendant has urged that the Plaintiff's case must end here for several reasons. First, they assert that the United States is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3).

Under the first of these grounds for dismissal, the Court recognizes that a Motion to Dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir.2005). When the Defendant challenges subject matter jurisdiction through a motion to dismiss under Rule 12(b)(1), the Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claim. *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir.2000); *Whittle v. U.S.,* 7 F.3d 1259, 1262 (6th Cir.1993). Rule 12 dictates, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Finally, subsection (b)(6) of Rule 12 provides for dismissal for a plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court will take well pled allegations as true and construe them most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "To survive a motion to dismiss . . . , a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citations omitted), *cert. denied*, 547 U.S. 1111 (2006).

A complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

Rule 12(b)(6) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule requires that if the Rule 12(b)(6) motion has attachments which the Court considers, such as the declarations herein, then the motion "shall" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

In the case *sub judice*, because the Court has, indeed, considered the content of the four declarations submitted by the United States, the Court converts the Motion to one for Summary Judgment. *See Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999). Therefore, the Court must also examine the standards for summary judgment.

Summary judgment should be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (2007). The evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmovant. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23.

The Court of Appeals for the Sixth Circuit accepts a verified complaint, to the extent that it is based on personal knowledge, as an opposing affidavit within the meaning of Fed. R. Civ. P. 56(e). *See Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985). Because the Plaintiff has tendered with his original complaint an affidavit which he submitted to the BOP administratively, the Court has considered the affidavit. The Court has also examined all aspects of the Defendant's motion and supporting documents to ensure that the Defendant has discharged the burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

With these standards in mind, the Court turns its attention to the Defendant's motion, beginning with the United States' first defense, the discretionary function exception to the FTCA.

### Application of Standards to Instant Complaint

The Court starts with the basic tenet that the United States is a sovereign protected from liability by sovereign immunity. Therefore, federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Testan,* 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *see also United States v. Orleans*, 425 U.S. 807, 814 (1976).

The FTCA, 28 U.S.C. § 2671, *et seq.,* "does not create a cause of action against the United States." *Myers v. United States,* 17 F.3d 890, 894 (6th Cir.1994). Rather, is a limited waiver of sovereign immunity. Moreover, waivers of sovereign immunity are to be strictly construed and exceptions liberally construed. *See Spannaus v. Department of Justice,* 824 F.2d 52, 55 (D.C.Cir.1987). Therefore, the Court must begin with the terms of the Act.

In the FTCA, the United States permits suit against it only for the following:

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The waiver does not, however, extend to certain types of claims and these are listed as statutory exceptions to the waiver, in Section 2680. One exception is, *i.e.*, immunity is not waived for, the following:

8

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). When a case falls within the discretionary function exception, the Court lacks subject matter jurisdiction. *Rich v. United States,* 119 F.3d 447, 450 (6th Cir.1997) (citing *Feyers v. United States,* 749 F.2d 1222, 1225 (6th Cir.1984), *cert. denied,* 471 U.S. 1125 (1985)).

The Defendant is correct that Plaintiff's allegations regarding negligent exposure to histoplasmosis are similar to FTCA complaints which have been filed in this Court by prisoners at FMC-Lexington over the years and which have been dismissed under the discretionary function exception. *See Steven D. Donohue v. United States*, Lexington Civil Action No. 02-CV-288-DCR, and *Smith v. Snyder*, Lexington Civil Action No. 05-CV-325-JBC (opinion dismissing at 2006 WL 379516 (E.D.Ky. 2006)). Newsome's allegations herein are similar to – and do not take his claim outside – the FTCA claims dismissed therein. For the reasons explained therein, this Plaintiff's claims regarding histoplasmosis will be dismissed, as the court has not been granted subject matter jurisdiction in the FTCA.

In like manner, Newsome's asbestos allegations are also like previous federal prisoner complaints against the BOP under the FTCA. Another court faced with an asbestos exposure claim wrote as follows:

> In determining whether the discretionary function exception applies, the court must consider two factors.
> a. First, "whether the action [involved] is a matter of choice for the acting employee.... [C]onduct cannot be discretionary unless it involves an element of judgment or choice." *Berkovitz by Berkovitz v. U.S.,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988) (citations omitted). Thus, the discretionary

9

function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. In this event, the employee has no rightful option but to adhere to the directive. Id.

b. Second, the decision must be based on considerations of public policy. *Id.,* 486 U.S. at 537, 108 S.Ct. at 1959. The discretionary function does not shield all legislative and administrative decisions but only those "grounded in social, economic, and political policy." *Id.* (quoting *United States v. Varig Airlines,* 467 U.S. at 814, 104 S.Ct. at 2765).

*Castor v. U.S.*, 883 F.Supp. 344, 350 (S.D.Ind.,1995). After examining the BOP's broad statutory duty as granted in 18 U.S.C. § 4042,[2] the BOP's own relevant Policy Statement with regard to asbestos management, and the actions taken by the BOP, the *Castor* Court concluded that "the precise manner in which the BOP carries out its duty is not directed by statute" and the BOP has acted "in a manner consistent with the discharge of its duty under 18 U.S.C. § 4042." Accordingly, that court ruled:

> Because BOP officials exercise discretion in determining how to best protect and provide for prisoners, and because that discretion is animated by policy considerations, its decisions and actions challenged here cannot form the basis of a FTCA claim. Therefore, the discretionary function exception applies to the claims in this case and the court lacks jurisdiction over the plaintiff['s] claims.

---

[2] 18 U.S.C. § 4042, **Duties of Bureau of Prisons**, provides in pertinent part:
(a) In general.-The Bureau of Prisons, under the direction of the Attorney General, *shall-*
> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
....
18 U.S.C. § 4042(a) (emphasis added). "While it is true that this statute sets forth a mandatory duty of care, it does not, however, direct the manner by which the BOP must fulfill this duty." *Calderon v. United States,* 123 F.3d 947, 950 (7th Cir. 1997) (affirming the district court's dismissal of another inmate's FTCA claim for lack of subject matter jurisdiction). *See also Ortiz v. United States,* 2002 WL 1492115 (S.D.N.Y. 2002) (not reported in F .Supp.2d).

*Id.,* at 353-54. *See also Wright v. Morris*, 111 F.3d 132, 1997 WL 178874 (6th Cir. 1997) (unpublished).

In a manner similar to this Court's assessment of the histoplasmosis claims previously brought in the Eastern District of Kentucky and similar to the *Castor* court's assessment of the asbestos claims, this Court has examined the terms of the FTCA; the policies of the BOP for taking action with regard to these environmental hazards; and the actual actions taken by the BOP at FMC-Lexington. Having done so, this Court adopts the same conclusions of those courts with regard to the BOP's handling of histoplasmosis and asbestos hazards relevant to Plaintiff's health. This Court concludes that it lacks subject matter jurisdiction to entertain this claim under the FTCA.

This conclusion is also consistent with the larger body of discretionary function case law. Although Section 4042 contains mandatory language, "shall," in imposing on the BOP the statutory duty to provide suitable quarters, food, and protection for prisoners, the statute does not specify what are suitable quarters or how prisoners are best safeguarded or what subsistence consists of. The manner in which the Bureau fulfills this duty is committed to its discretion. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976); *Caudle v. United States,* 72 F.3d 132, (7th Cir.1995) (unpublished) (reviewing the discretionary function exception and affirming the district court's dismissal under Rule 12(b)(1)).

Moreover, this conclusion is consistent with the Supreme Court's acknowledgment that "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84 (1987); *Jones v. North*

*Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129 (1977); *see also, Hewitt v. Helms,* 459 U.S. 460, 467 (1983) ("prison officials have broad administrative and discretionary authority over the institutions they manage ...").

The Court finds that the discretionary function exception to the FTCA applies to bar this prisoner-plaintiff's lawsuit regarding histoplasmosis, asbestos, and the monitoring of Plaintiff's health for symptoms, even if the BOP employees abused their discretion or were negligent in the performance of these discretionary functions. *Reed v. U.S.*, 2006 WL 3715779, *7-8 (E.D.Ky. 2006) (exposure to environmental tobacco smoke). Because recovery has been specifically barred by Congress under the FTCA's statutory exceptions, there is no subject matter jurisdiction over this claim against the United States, and this action must be dismissed from the docket of this Court.

The Court does not, therefore, reach a negligence analysis. To the extent that Plaintiff also urged violations of his rights under the U.S. Constitution herein, he is advised that a claimed constitutional violation must be based upon unconstitutional behavior. *Summers v. Leis*, 368 F.3d 881 (6th Cir. 2004). Plaintiff does not charge any specific behavior by any specific person, thus failing to show personal involvement necessary for stating a constitutional claim. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

The pleadings in this case have, therefore, not set forth the factual basis of the purported constitutional claims in a manner that gives any person proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Nor can

Newsome's descriptions of conditions at FMC-Lexington be said to be "barbarous" or contravene society's "evolving standards of decency," so as to constitute unconstitutional conditions amounting to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981); *see also Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993) (citing *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

Moreover, while the instant Plaintiff has demonstrated exhaustion of the FTCA's administrative remedies with regard to his negligence claim, he has failed to do so with regard to any purported unconstitutional conditions in his confinement. *See* 42 U.S.C. § 1997e(a); 28 C.F.R. §§542.10-16 (1997); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2393 (2006). In sum, the Plaintiff's purported constitutional claims fail and must be dismissed for his failure to state a compensable claim.

As aforestated, to prevail against a Motion for Summary Judgment, a non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1997) (citing *Celotex*, 477 U.S. at 322). It is black-letter law that "[t]he party opposing the motion [for summary judgment] may not rely solely on the pleadings ...; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 830 (6th Cir. 2007) (quoting *Banks v. Wolfe County Bd. of Educ.,* 330 F.3d 888, 892 (6th Cir.2003) and *Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001)).

The instant Plaintiff, however, has not carried his burden to establish a genuine issue of material fact. Having analyzed the factual content of the pleadings and declarations herein, the Court concludes that Plaintiff has failed to carry his burden to provide evidence that prison personnel were not exercising discretionary functions or that they committed unconstitutional acts against him. In fact, there is virtually no conflicting evidence in the case *sub judice* so as to need resolution by a jury.

"[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial" and Newsome has failed to produce any evidence of non-discretionary or unconstitutional conduct on the part of federal personnel. *Celotex*, 477 U.S. at 323. The Court finding that there is no genuine issue of material fact and that the Defendants are entitled to judgment as a matter of law, dismissal is appropriate. Accordingly, the Court being advised,

**IT IS ORDERED** as follows:

(1)     Defendant's Motion to Dismiss [Record No. 16] is **GRANTED**, without prejudice, as to his constitutional claims, for his failure to state a claim; and the Motion for Summary Judgment [Record No. 16] is **GRANTED**, with prejudice, as to his FTCA claims herein.

(2)     This action will be **DISMISSED**, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant.

This April 9, 2008.



**Signed By:**

*Karl S. Forester*   KSF

**United States Senior Judge**

14